

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 6, 1962

Honorable Dean Martin
County Attorney
Grayson County
Sherman, Texas

Opinion No. WW-1340

Re: Whether a county clerk
may legally prepare
certified copies of rec-
ords in his office and
forward same to the
purchaser with a bill
to be paid after delivery
and related question.

Dear Mr. Martin:

        In your request for an opinion from this office you
ask two questions which we quote as follows:

        "May the county clerk of Grayson County,
Texas, legally prepare certified copies of
records in his office and forward same to
the purchaser with a bill for same to be
paid after delivery of these copies.

        "If the charges described in the pre-
vious question are never paid, is the county
clerk liable to Grayson County under his
bond for the amount charged and not collected."

        Article 6600, Vernon's Civil Statutes, provides as
follows:

        "The county clerk shall give attested
copies whenever demanded of all papers
recorded in his office; and he shall receive
for all such copies, such fees as may be
provided by law."

        Such fees as are authorized to be charged by a
county clerk of a county with less than 1,200,000 population
are prescribed in Article 3930, Vernon's Civil Statutes, as
amended in 1957. The pertinent provisions of this Article read
as follows:

        "Clerks of the county court may receive
not to exceed the following fees: . . .

> "Filing and recording the bond and sworn
> statement of a livestock commission merchant     1.00
>
> Making a certified copy of such bond
> and statement     1.00
>
> Recording, transcribing or copying all
> papers or records required or permitted by
> law to be recorded, transcribed or copied,
> with or without certificate and seal, for
> each 100 words, not otherwise provided for     .20
>
> " . . .

Section 5 of Article 3912e, Vernon's Civil Statutes, provides as follows:

> "It shall be the duty of all officers
> to charge and collect in the manner author-
> ized by law all fees and commissions which
> are permitted by law to be assessed and col-
> lected for all official service performed by
> them. As and when such fees are collected
> they shall be deposited in the Officers'
> Salaries Fund, or funds provided in this
> Act. In the event the Commissioners' Court
> finds that the failure to collect any fee
> or commission was due to neglect on the part
> of the officer charged with the responsibility
> of collecting same, the amount of such fee
> or commission shall be deducted from the
> salary of such officer. Before any such
> deduction is made, the Commissioners' Court
> shall furnish such officer with an itemized
> statement of the uncollected fees with which
> his account is to be charged, and shall notify
> such officer of the time and place for a hearing
> on same, to determine whether such officer was
> guilty of negligence, which time for hearing
> shall be at least ten days subsequent to the
> date of notice. Unless an officer is charged
> by law with the responsibility of collecting
> fees, the Commissioners' Court shall not in
> any event make any deduction from the authori-
> zed salary of such officer."

In view of the foregoing statutes, you are advised that the County Clerk of Grayson County is legally authorized

to charge a fee for certified copies of any papers or records required or permitted by law to be recorded under the provisions of Article 3930, Vernon's Civil Statutes, supra. In addition, it is the duty of each county clerk to collect such fees and deposit the same in the Officers' Salary Fund of the county or in another such fund authorized by statute. However, Article 3908, Vernon's Civil Statutes, provides as follows:

> "None of the fees mentioned in this title[1] shall be payable to any person whomsoever until there be produced, or ready to be produced, unto the person owing or chargeable with the same, a bill or account in writing containing the particulars of such fees, signed by the clerk or officer to whom such fees are due, or by whom the same are charged, or by the successor in office, or legal representative of such clerk or officer."

In view of this Article you are advised that a county clerk in his discretion may legally prepare certified copies of records in his office and forward same to the purchaser with a bill for same to be paid after delivery of the copies.

It is noted that Sections 1 and 3 of Article 3912e, Vernon's Civil Statutes, would prohibit the state from making any payment of fees or commissions, not constituting a part of the cost assessed against the state in a particular case, to the county clerk of Grayson County for any or all of the duties of his office. Consequently, the county clerk may not charge the state a fee for any certified copies not entitled to be taxed against the state as court costs. Attorney General's Opinions WW-628 (1959), WW-658 (1959).

In answer to your second question, you are advised that it is our opinion that the county clerk would be liable to the county for fees he failed to collect due to neglect on the part of said officer who is charged with the responsibility of collecting the same. And that such fee could be withheld from his salary as authorized by Section 5, Article 3912e, supra, provided that such officer due to neglect failed to collect said fee and the required notice was given him according to the provisions of the Article. Also, under the provisions of Article 1937, Vernon's Civil Statutes, each county clerk is required before entering the office of county clerk to give

[1]Title 61 (Fees of Office) Vernon's Civil Statutes

bond in the amount of $2,000 made payable to the Governor of the State in a sum to be fixed by the Commissioners' Court but not less than $2,000 or more than $10,000 which bond is conditioned upon the safe-keeping of the records and the faithful discharge of the duties of the office of county clerk. On the basis of the statutes discussed above, there is no question that the collection of fees due the county is an official duty of a county clerk. Therefore, it is our opinion that the County Clerk of Grayson County would be liable to the county under his official bond for any amount charged for certified copies and not collected, due to the neglect of the clerk.

## SUMMARY

Although a county clerk may legally prepare certified copies of records in his office and forward them to a purchaser or party other than the state with a bill for same to be paid after delivery of the copies, the county clerk is directly responsible for the collection of these funds and for accounting for them and deposit of them in the Officers' Salary Fund or to other authorized funds. Also, the county clerk may be liable to Grayson County under his official bond for any amount of fees for certified copies delivered and charged but not collected due to the neglect of the clerk.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: I. Raymond Williams, Jr.
Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Sam Stone
Grundy Williams
C. J. Taylor
John Hofmann

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore